IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DAL DANFORTH and
MALINDA DANFORTH,

        Plaintiffs,

v.                                                                                  No. CIV 08-432 BB/LFG

MEDTRONIC, INC.,
a Minnesota corporation,

        Defendant.

## MEMORANDUM OPINION
## IN SUPPORT OF JUDGMENT OF DISMISSAL

        THIS MATTER is before the Court on *Defendant's Motion to Dismiss Plaintiffs' Complaint* [Doc. 8] and *Defendant's Motion for Dismissal with Prejudice* [Doc. 17]. These motions must be Granted.

### *Discussion*

        Plaintiffs have demonstrated a consistent disregard for the procedural rules governing the conduct of litigation and the diligent advancement of their action. First, Plaintiffs failed to serve Defendant with the Complaint for more than thirteen months. Federal Rule of Civil Procedure 4 requires service within 120 days and New Mexico Rule 4 requires service with "reasonable diligence." A thirteen-month delay violates both rules. *Murphy v. Citizens Bank of Clovis*, 244 F.2d 511, 512 (10th Cir. 1957);

*Romero v. Bachicha*, 28 P.3d 1151, 1154 (N.M. App. 2001).  The breach is especially egregious here because prior to removal the state judge dismissed the case after Plaintiffs' failure to serve Defendant for ten months.  He reinstated it and directed Plaintiffs to serve the Complaint immediately.  They waited more than three months after that.

Second, this lack of diligence is also reflected in Plaintiffs' failure to respond to either of these *Motions*.  Under local rule, therefore, Plaintiffs have consented to the grant of the *Motions*.  D.N.M.LR-Civ. 7.1.

Finally, Plaintiffs' lack of diligence is reflected in an apparent violation of the statute of limitations.  Plaintiffs claim that on or about August 9, 2002, Mr. Danforth's implantable cardioverter defibrillator (ICD) malfunctioned requiring him to undergo a surgical repair.  Mr. Danforth alleges his ICD had to be repaired again on August 12, 2002.  On August 15, 2002, the ICD allegedly shocked Mr. Danforth.  Mr. Danforth claims that on August 17, 2002, the ICD continuously shocked him until he was transported to a hospital and the device was turned off.  Doctors then surgically removed Mr. Danforth's ICD.  Accordingly, it would seem the latest date that Plaintiffs could claim their cause of actions against Medtronic accrued apparently on August 17, 2002.  Plaintiffs, however, failed to file their Complaint until December 20, 2006 – over four years and eight months after the injuries alleged accrued.

**Under New Mexico law the causes of action in Plaintiffs' Complaint and their respective statutes of limitations are as follows:**

**Counts I-IV: Strict Product Liability (Defective Manufacturing); Strict Product Liability (Design Defect); Strict Product Liability (Defect Due to Inadequate Warning); Strict Product Liability (Defect Due to Nonconformance with Representations); Count V: Negligence. All five counts are governed by a three-year statute of limitations period.** *See Fernandez v. Char-Li-Jon, Inc.*, **888 P.2d 471 (N.M. App. 1994),** *overruled on other grounds by Romero v. Bachicha*, **28 P.3d 1151 (N.M. App. 2001) (actions seeking recovery for personal injuries under theories of strict liability or negligence are governed by the three-year limitations period set forth in NMSA § 37-1-8).**

**Counts VI-IX: Breach of Express Warranty; Breach of Implied Warranty; Negligent Misrepresentation and Fraud; Violation of New Mexico's Unfair Trade Practices Act. All are subject to a four-year statute of limitations.** *See* **NMSA 1978 § 55-2-725(1) (four-year limitations under the breach of express warranty); NMSA 1978 § 37-1-4 (implied warranty, negligent misrepresentation and fraud).**

**Count X: Damage to the marital community. Plaintiffs' loss of consortium claim is entirely derivative of the other claims and will fail by**

3

operation of law to the extent Plaintiffs' other claims fail. *Archer v. Roadrunner Trucking, Inc.*, 930 P.2d 1155, 1160 (N.M. 1996) (loss of consortium claim is derived from or is contingent upon the underlying cause of action belonging to the injured spouse and are contingent upon the injured person's entitlement to general damages). Thus, if Plaintiffs' underlying claims are dismissed, the loss of consortium claim does not survive.

As alleged, Plaintiffs appear to agree the Complaint is time-barred.

_____
**BRUCE D. BLACK**
**United States District Judge**